**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-30019
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee,

VERSUS

JEFFERY R. ACKLEN

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Louisiana
(93-CV-1043)
August 9, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Acklen pleaded guilty to distribution of methamphetamine and conspiring to manufacture methamphetamine and was sentenced on the basis of d-methamphetamine. His motion under 28 U.S.C. § 2255 was denied by the district court; and we vacated that judgment and

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

remanded.[2]  On remand, the district court again denied relief.  We affirm.

Originally Acklen claimed trial counsel was ineffective for failure to contend at sentencing that the drug involved was l-methamphetamine and not d-methamphetamine.  He made only conclusory allegations however.  We remanded stating:

On remand, Acklen should tender some specific, verified basis or evidence, beyond his mere naked assertion or belief, that the drug was in fact l-methamphetamine.  If Acklen makes such a showing, he may be entitled to limited discovery and an evidentiary hearing.

On remand, Appellant made no such showing.  He simply argued that since the isomer of the drug could not be identified the rule of lenity required that the drug be regarded as l-methamphetamine. The district court recognized that the motion could be denied on that basis alone and so held.  However, it allowed Appellant an evidentiary hearing at which the evidence established that the drug involved was made with a precursor chemical that would have produced a 50-50 mixture of d-methamphetamine and l-methamphetamine.  Accordingly, the district court correctly found that Acklen had failed to show that he had been prejudiced by his attorney's failure to raise the issue.

Going even further, the district court held that Acklen also

_____

[2]United states v. Acklen, 47 F.3d 739 (5th Cir. 1995).

2

failed to demonstrate prejudice because even had trial counsel raised the issue, there was no reasonable probability that the court would have been persuaded to adopt what would have been a novel argument at that time, citing <u>United States v. Seyfert</u>, 67 F.3d 544, 549 (5th Cir. 1995). We see no error in this holding.

AFFIRMED.