## The UNITED STATES of America

v.

## Tyrone HALL.

### No. CIV. JFM–98–835.
### No. Crim. JFM–96–0331.

United States District Court,
D. Maryland.

March 30, 1999.

with intent to distribute crack cocaine. He was sentenced as a career offender to 235 months incarceration.

In his § 2255 motion, Hall alleges that his attorney provided ineffective assistance of counsel in two respects: (1) by not requiring the government to meet its burden of proof at the sentencing hearing of proving that the substance he possessed was crack cocaine; and (2) failing to move for a downward departure for overrepresentation of the seriousness of his criminal history.[1] The first of these contentions is unpersuasive. The second, however, is meritorious, and I will grant Hall's motion.

### 1. The Crack Cocaine Claim

Hall stipulated in his plea agreement that he had possessed with intent to distribute cocaine base. He acknowledged the same fact during the Rule 11 colloquy. The Sentencing Guidelines calculated in the presentence report were based upon the fact that Hall had possessed crack. Therefore, there was ample evidence in the record at the time of sentencing to meet the government's burden that Hall had possessed crack. If the issue was not explicitly discussed at the sentencing hearing, that was only because Hall himself did not challenge the uncontradicted record.

Under these circumstances, Hall has not demonstrated that the government failed to meet its burden of proving at sentencing the nature of the substance he possessed. Therefore, it does not constitute improper "burden shifting," as Hall argues, to require him to prove in this proceeding that a substance other than crack was involved in order to meet the "prejudiced" prong of the *Strickland v. Washington* test. 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He has not presented any such proof, and his ineffective assistance claim therefore fails.[2]

Richard C. Kay, Assistant United States Attorney, Office of the U.S. Attorney, Baltimore, MD, for plaintiff.

Beth M. Farber, Chief Federal Public Defender, Baltimore, MD, for defendant.

### MEMORANDUM

MOTZ, Chief Judge.

Tyrone Hall has brought this action under 28 U.S.C. § 2255. Pursuant to a plea agreement, Hall pled guilty to a one count indictment charging him with possession

---

1. Hall raised several other issues in his original motion that he filed *pro se*. His arguments on those issues have not been pursued by counsel whom I subsequently appointed to represent Hall, and I find them to be without merit.

2. As Hall acknowledges, some courts have adopted an absolute rule that in order to

### 2. The Downward Departure Claim

As stated above, Hall was sentenced as a career offender. I was the judge who sentenced Hall, and the record is clear that I was of the view that the Guideline range he faced was excessively high. At the time of sentencing I expressly asked: "There's no basis for me to find that he is not a career offender, is there? Can anybody point out . . . any principled basis on which I could not find him to be a career offender under the law?" Neither government counsel nor defense counsel provided any affirmative response.

It is not clear whether I was asking (1) the legal question whether I could depart downward from Hall's career offense status if I found that status overrepresented the seriousness of his criminal past, or (2) the factual question whether, under the cases giving me the authority to grant a downward departure on that basis, there were valid reasons for granting the departure.[3] If I was asking the legal question and ultimately sentenced Hall on the basis that I lacked the authority to grant a downward departure, I committed a clear error of law. See, e.g., United States v. Adkins, 937 F.2d 947, 952 (4th Cir.1991); United States v. Pinckney, 938 F.2d 519, 521 (4th Cir.1991). In that event, counsel was clearly ineffective in not bringing to my attention the relevant authorities (of which he was aware according to the affidavit he submitted in these proceedings).

If I was asking the second question, counsel was equally ineffective in not bringing to my attention the factors that justified a downward departure under Guideline 4A1.3.[4]

Hall had been convicted of two prior drug felonies. One involved 4.73 grams of cocaine and 4.23 grams of marihuana, the other fifty-two bags of cocaine. Hall committed the first offense when he was nineteen years old. He committed the second offense when he was twenty-one. The first sentence he received was four years incarceration, all but nine months suspended. His second sentence was eighteen months, with all but twenty days suspended. The two offenses were committed within two years of one another.

■ The government argues that none of these factors alone justifies finding that the career offender status overstates the seriousness of Hall's criminal past. I concur. However, I disagree with the government's further contention that the factors, considered together, cannot warrant a downward departure for overrepresentation pursuant to Guideline 4A.1.3. A number of circuits have so held on comparable facts. See United States v. Shoupe, 988 F.2d 440, 444, 447 (3d Cir.1993); United States v. Smith, 909 F.2d 1164 (8th Cir. 1990); United States v. Bowser, 941 F.2d 1019, 1024–26 (10th Cir.1991). The Fourth

---

prevail on an ineffective assistance claim, a petitioner must affirmatively establish in a § 2255 proceeding that the drug he possessed was different from the one upon which his sentence was based. See, e.g., United States v. Acklen, 97 F.3d 750, 751 (5th Cir.1996); United States v. Apfel, 97 F.3d 1074, 1077 (8th Cir.1996). Under these cases, Hall could not prevail even if the record at sentencing had not established that the drug he possessed was crack.

3. I have no specific recollection on the point. However, since the facts upon which a departure could be based obviously were known to me at the time of sentencing, I infer that I was under the mistaken belief that I lacked the legal authority to grant an overrepresentation departure in a career criminal case.

4. Hall has proffered that in order to meet the first prong of the Strickland test, i.e., that his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, he is prepared to call as witnesses defense attorneys who routinely practice in this court who would testify that, under the facts and circumstances in this case, they would have moved for a downward departure. I do not believe that such testimony is necessary. It is self-evident to me that the performance of Hall's counsel fell below an objective standard of reasonableness in that he failed to answer a question, posed by the court, where its obvious purpose was to seek a basis for a downward departure for his client.

Circuit has not addressed the issue. Nevertheless, nothing in its jurisprudence requires me to conclude that a district court lacks the discretion to find that a young man who committed two relatively minor drug offenses in quick succession and received mild sentences in state court had not yet become a "career offender" within the meaning of the Sentencing Guidelines, requiring him to spend the next twenty years of his life in custody.[5] Of course, Hall's conduct warranted a severe sentence. A sentence that was both severe and proportionate could have been imposed within the guideline range of 97 to 121 months, which would have applied if Hall had not been deemed to be a career criminal.

The third remaining question is whether Hall can meet the "prejudice" prong of the *Strickland* standard. Clearly, he can. The transcript of the sentencing hearing demonstrates without question that I was seeking a basis to grant a downward departure based upon Hall's career offender status constituting an overrepresentation of his criminal past. For the reasons I have stated in this memorandum, I am satisfied that there was a basis for such a

5. The government relies heavily upon *United States v. Carroll*, 1998 WL 736648 (4th Cir. 1998), an unpublished Fourth Circuit per curiam opinion. Under the Fourth Circuit's rules, unpublished opinions are of limited precedential value. In any event, *Carroll* is not controlling of the present case. There, the defendant had committed three offenses, one when he was twenty-two, one when he was twenty-seven, and one when he was twenty-nine. Here, as previously stated, Hall was nineteen and twenty-one at the time he committed his two prior offenses.

*Carroll* also held that "the lenient treatment Carroll received in the state courts for his prior offenses is not a ground for departure." Assuming this to be the law of the circuit, it is not dispositive here because there is a reasonable probability that I would have granted a downward departure to Hall for the other combined factors I have discussed. I should state, however, that I do not agree that there is an absolute prohibition against a sentencing judge considering the leniency of prior sentences in deciding whether to grant an "overrepresentation" downward departure. The opinion in *Carroll* does not delineate the basis for its ruling, but merely cites two earlier cases, *United States v. Tejeda*, 146 F.3d 84, 87 (2nd Cir.1998), and *United States v. Phillips*, 120 F.3d 227, 232 (11th Cir.1997). The holdings in those cases were based upon the somewhat sterile reasoning that since the commentary to Guideline 4A1.3 gives an example in which a prior lenient sentence could be used as a basis for an upward departure, such a sentence can never be used as a basis for the downward departure. However, neither the commentary nor the Guideline itself so provides.

As the commentary states, the Guideline "authorizes the consideration of a departure from the guidelines in the limited circumstances where reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's criminal history or likelihood of recidivism." Although, as the commentary posits, there are cases in which a criminal history category may underrepresent the seriousness of the defendant's criminal past or the likelihood he will commit other crimes, there are also cases in which the converse is true. This is a paradigm example of such a case. The fact that Hall received light sentences for his prior two felonies may or may not reflect that those felonies were less serious than the norm. In any event, Guideline 4A1.3 and the accompanying commentary is in the disjunctive and permits a departure either because the criminal history category "does not adequately reflect the seriousness of ... [his] criminal past" or because it does not adequately reflect his "likelihood of recidivism." In my judgment it is neither sensible nor fair to assume that a defendant who committed two drug offenses when he was nineteen and twenty years old cannot be deterred from a career of crime by a sentence less draconian than twenty years imprisonment (as the career offender status requires in this case) when the only sentences previously imposed upon him totaled nine months and twenty days in jail. There may be certain crimes, particularly some of a violent kind, whose very nature evidences the incorrigible nature of the offender. However, the concept of progressive discipline upon which our sentencing system traditionally has been based is rooted in our core belief that most of us can learn from experience, and that men and women are rational beings whose choices and conduct can be affected by what they have been taught. A holding that the leniency of past sentences can never, as a matter of law, be used as a ground for downward departure constitutes a profound repudiation of this precept.

departure, and there is at least a reasonable probability that I would have granted it.

A separate order granting Hall's motion is being entered herewith.

## ORDER

For the reasons stated in the memorandum entered herewith, it is, this 30th day of March 1999

ORDERED that the motion filed by Tyrone Hall pursuant to 28 U.S.C. § 2255 be granted in part and denied in part.