IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50714

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY EUGENE STEWART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas

_____

March 24, 2000

Before WIENER and STEWART, Circuit Judges.[1]

PER CURIAM:

Defendant-Appellant Bobby Stewart has appealed the denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He argues that the district court erred in denying his claim of ineffective assistance of counsel based on his attorney's failure to question the type of methamphetamine used at his sentencing. Specifically, he argues that the PSR overstated the amount of methamphetamine and wrongly concluded that the methamphetamine found was the more severely punishable d-methamphetamine instead of the less severely punishable l-methamphetamine.

_____

[1]Senior District Judge John M. Shaw of the Western District of Louisiana was a member of the panel who heard oral argument on this case. Because of his death on December 24, 1999, he did not participate in this decision. This appeal has been decided by a quorum pursuant to 28 U.S.C. §46(d).

To succeed in a § 2255 motion based on ineffective assistance of counsel, the movant must prove that his attorney's representation was deficient and that the movant was prejudiced by his deficient representation. Failure to meet either the deficient performance prong or the prejudice prong will defeat a claim for ineffective assistance of counsel. A court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one. In the context of sentencing, prejudice means that but for his counsel's error, his sentence would have been significantly less harsh.

Stewart has failed to show that he was prejudiced by his counsel's alleged ineffective assistance. See United States v. Acklen, 97 F. 3d 750, 751 (5th Cir. 1996) (holding that district court correctly found that movant failed to demonstrate prejudice when he failed to show at evidentiary hearing that he produced l-methamphetamine). The judgment of the district court is affirmed. Stewart's motion for release on bond pending resentencing is denied as moot.

AFFIRMED; MOTION DENIED AS MOOT.