211 F.3d 871 (5th Cir. 2000)
 UNITED STATES OF AMERICA, PLAINTIFF- APPELLEE,
v.
ALFONSO CASTANO, DEFENDANT-APPELLANT.
 No. 98-20406
 IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT
 May 3, 2000
 
 Appeal from the United States District Court for the Southern District of Texas
 Before Politz, Smith, and Dennis, Circuit Judges.
 
 Jerry E. Smith, Circuit Judge
 
 1
 Pursuant to a plea agreement, Alfonso Castano pleaded guilty to drug possession. At sentencing, he became aware, contrary to counsel's assurances, that his sentence would be enhanced because of the presence of a gun in the closet of a co-defendant's bedroom. Though he had agreed not to appeal, he asked his attorney to appeal on the ground that at the time of his plea, he knew nothing of this gun or of its effect on his sentence.
 
 
 2
 The attorney refused to appeal, whereupon Castano unsuccessfully moved to vacate his sentence pursuant to 28 U.S.C. 2255. Because counsel's failure to appeal, under these circumstances, constitutes ineffective assistance, we reverse the order denying the motion to vacate sentence and remand for resentencing and to allow Castano an opportunity to appeal, if the circumstances following resentencing so warrant.
 
 I.
 
 3
 At the plea hearing, the court asked whether Castano understood that, as a condition of his plea, he voluntarily waived all right to appeal his sentence, which could be anywhere from ten years' to life imprisonment. The court also asked, in a generalized fashion, whether Castano understood that his sentence could be enhanced as a result of determinations of fact made in the relevant presentence report ("PSR"). Castano answered affirmatively.
 
 
 4
 After Castano agreed to plead guilty, he learned that the PSR included reference to a gun locked in the bedroom closet of one of his housemates and that this could serve as a basis for enhancing the sentence. Neither Castano's counsel nor the government had mentioned to Castano, during plea bargaining, the fact of the gun's presence or its role in determining his sentence; Castano's counsel made no effort to exclude, in the plea bargain, the upward departure. The attorney, who had not before researched or realized the relevanceof the gun's presence, assured Castano that no sentence enhancement would result.
 
 
 5
 After the motion to vacate sentence was denied, the district court denied Castano a certificate of appealability ("COA"). This court then granted a COA with regard to whether Castano's counsel was ineffective for failing to file a direct appeal.
 
 II.
 
 6
 In Roe v. Flores-Ortega, 120 S. Ct. 1029 (2000), the Court dealt with the question whether a defendant had received ineffective assistance where his lawyer had not consulted with him regarding appeal (and thus had received no instructions regarding appeal) and had intended to appeal but failed to do so. See id. at 1032-34. The Court first affirmed that the test of Strickland v. Washington, 466 U.S. 668 (1984), applies to ineffective-assistance cases, in which the defendant must show (1) that counsel's representation "fell below an objective standard of reasonableness" and (2) that counsel's deficient performance prejudiced the defendant. Id. at 688, 694; 104 S.Ct. 2052; accord United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam). "Failure to meet either . . . prong will defeat a claim for ineffective assistance." Id. at 751.
 
 A.
 
 7
 In considering the first prong of Washington, the Court explained that
 
 
 8
 [w]e have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. . . . At the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently. The question presented . . . lies between those poles: Is counsel deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other?
 
 
 9
 Flores-Ortega, 120 S. Ct. at 1035. This case fits most closely into the second category, because Castano voluntarily and knowingly waived his right to appeal his sentence, which waiver the court confirmed. He also expressed his understanding that, as a result of his plea and waiver, he could be sentenced to the term which he eventually received.
 
 
 10
 What distinguishes this case, however, is that, as Castano's counsel admitted, he failed to inform Castano that his sentence could be enhanced because of the presence of the relevant firearm. According to Castano, his counsel positively affirmed that no sentence enhancement would befall him as a result of the firearm's presence.
 
 
 11
 Counsel admitted that he had not properly discussed the issue of the firearm enhancement with Castano. This failure of information renders suspect the effectiveness of Castano's original disavowal of his right to appeal--at very least, of his right to appeal the sentence enhancement.
 
 
 12
 Flores-Ortega dealt with a situation in which counsel did not specifically consult with the defendant regarding whether appeal would be taken. The instant case does not track precisely; Castano's attorney both consulted with him about appeal opportunities while the two worked toward a plea agreement and explained Castano's post-plea appeals position to him when Castano demanded that appeal be taken. In effect, he "consulted" twice.
 
 
 13
 Flores-Ortega nevertheless provides specific guidance. The Court explained that
 
 
 14
 [i]f counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow thedefendant's express instructions with respect to an appeal. Id. at 1035.
 
 
 15
 The first time counsel and the court consulted with Castano, he waived--seemingly completely--his right to appeal. When next he and his counsel consulted, after sentence had been pronounced, he demanded that appeal be taken. The question, then, is which of counsel's consultations with defendant was effective. Had Castano spoken fully in relinquishing his right to appeal as a result of the plea agreement, such that counsel was not obliged to follow his later, changed instructions in their second "consultation," or did the circumstances render Castano's initial instructions not to appeal incomplete or otherwise deficient?
 
 
 16
 Guilty pleas are effective only if voluntary and informed.[1] Counsel has primary responsibility for ensuring that the defendant possesses the necessary and correct information.[2] If we conclude that Castano's counsel failed properly to inform him about the possibility of sentence enhancement, then we must find that Castano made an at-least-colorable claim that his plea was not both fully informed and voluntary, and therefore that his consultation with and instructions to counsel regarding his waiver of appeal at the time of the plea bargain were ineffective with reference to this sentence-enhancement issue.
 
 
 17
 It would follow from this finding that Castano's second consultation with counsel regarding appeal--at which he demanded that counsel appeal the sentence enhancement--stated a demand for appeal that, while not certain of success, was not precluded by the consultation that led to his (not fully informed) guilty plea and appeal waiver. Because counsel failed to appeal as demanded in this second consultation, a finding that the second consultation was valid and effective would serve, under Flores-Ortega, as a finding that counsel violated the first prong of the Washington test, in that he consulted with his client, was told specifically to appeal, and failed to do so.
 
 B.
 
 18
 The Flores-Ortega Court also dealt with the question of how the second prong of the Washington test is to be satisfied in cases in which "counsel's alleged deficient performance arguably [leads] not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself," namely an appeal. Flores-Ortega, 120 S. Ct. at 1038. The Court held that "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel'sdeficient failure to consult with him about an appeal [or to heed such consultation], he would have timely appealed." Id.
 
 
 19
 Castano satisfies this second prong of the Washington test. He asserts without contradiction that he had been assured that no sentence enhancement would occur and that, when it did, he demanded that counsel file an appeal. Counsel's averments support Castano's position that he was improperly informed about the sentence-enhancement issues. The government does not challenge this characterization of events.
 
 
 20
 The district court, in denying Castano's 2255 motion, asserted that Castano had lost nothing, because the plea agreement provided him with substantial benefits, and because the sentence was within the range enunciated by the court as possible punishment. This is not relevant, however, to the ineffective-assistance inquiry. If Castano undertook an actual, effective consultation with his counsel and asked counsel to file an appeal, and counsel refused, then Castano, who by that request illustrated his desire to appeal (but for counsel's refusal), has been injured. As the Flores-Ortega Court explained,
 
 
 21
 [w]e similarly conclude here that it is unfair to require an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed.
 
 
 22
 Id. at 1040 (emphasis added). Castano has made the requisite showing.
 
 III.
 
 23
 We conclude that Castano's second instructions to counsel were, under these narrow circumstances, effective with regard to his desire that counsel appeal the gun-related sentence enhancement, because his waiver of appeal was, at least as between Castano and his attorney, not fully informed with regard to the issue. The record reveals that (1) counsel knew that he had failed to inform Castano about the relevance of the gun as mentioned in the PSR, and (2) he informed the district court of his error. Preceding sentencing, counsel explained to the court that
 
 
 24
 [t]he weapon was found in the front bedroom where the wallet of Alberto Lopez was located. . . . Now the government did not sandbag on this. They are entirely fair in getting us full discovery in preparation for the case . . . so this is not something that I'm laying at the door of the Government, but I'm laying it at my door. We didn't talk about it. We entered into our plea agreement and the defendant's naked before the Court having plead guilty and promised to not appeal. And this is an issue--it was not bargained over one way or another. . . . [A] Tech 9 machine pistol was found in the front bedroom closet, period. Ammunition was found with [the] pistol, period. So I missed it. And it did not occur to me that this pistol would be a factor in the law that applied to Mr. Castano on his plea of guilty until I read the Pre-Sentence Investigation Report.
 
 
 25
 This monologue illustrates that, before the sentencing, Castano had no knowledge of the possibility of sentence enhancement or of the need to attend to the veracity of the PSR. It shows too that counsel fully understood his failure of representation before Castano demanded that he appeal the enhancement.
 
 
 26
 By the plain language of the plea agreement, Castano promised not to appeal his sentence, as opposed to his plea, and because his proposed ground of appeal went to the effectiveness of the plea, the appeal was not barred.[3] Had he made a demandfor appeal of his guilty plea and appeal waiver without a cognizable argument that the plea or the waiver was faulty,[4] and had the waiver included issues going to the plea as well as the sentence, then Castano's demand would have lacked effectiveness and merit; his plea-agreement consultation with his attorney would have been fully effective and thus pre-emptive of further valid consultation and demand.[5] Such, however, was not the case.
 
 
 27
 The district court suggested that Castano's second consultation was ineffective because the first waiver was complete and informed, as supplemented by the explanation that "the Court cannot determine the guideline sentence for your case until there has been a pre-sentence investigation and a report prepared to help me determine what guideline sentence applies." Had anyone mentioned to Castano that the PSR would include the admission into evidence of the presence of a gun in a locked closet in someone else's bedroom, and that the gun's presence could result in an extension of the sentence, then the district court's admonition would have been sufficient. Without such explanation, though, the admonition served no more to put Castano on full notice of the consequences of his plea than did the silence of counsel and the prosecution during plea bargaining. Thus, the admonition did not defeat the colorable nature of Castano's appeal or his right to that appeal on demand.
 
 
 28
 We therefore REVERSE the order denying the motion to vacate sentence and REMAND for resentencing and possible appeal.
 
 
 
 Notes:
 
 
 [1]
 See McCarthy v. United States, 394 U.S. 459, 466 (1969) (noting that "if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void"); cf. United States v. Baty, 980 F.2d 977, 979 (5th Cir. 1992) ("It is up to the district court to insure that the defendant fully understands her right to appeal and the consequences of waiving that right."). Following amendment of Fed. R. Crim. P. 11, this circuit held that, for violations of that rule by the trial court to undermine the effectiveness of a guilty plea, the defendant must show harm. See United States v. Johnson, 1 F.3d 296, 398 (5th Cir. 1993). This case, of course, presents us with no failure of instruction by the district court, but only by counsel. Nevertheless, for purposes of this inquiry--whether Castano's counsel proved inadequate as a result of his failure to appeal after having been told to do so--harm is shown, under the second prong of the Washington test, by a defendant's demonstration that but for counsel's actions he would have appealed. See infra.
 
 
 [2]
 See Walker v. Caldwell, 476 F.2d 213, 218 (5th Cir. 1973) (holding that "[p]roviding [an] understanding of the law in relation to the facts is the function of the accused's appointed counsel") (internal quotation marks omitted) (citing McCarthy, 394 U.S. at 466, and Argersinger v. Hamlin, 407 U.S. 25, 34 (1972) ("Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution.")).
 
 
 [3]
 In his plea agreement, Castano also agreed that he was "satisfied that his attorney has rendered effective assistance." This clause may help determine whether an appeal would have succeeded, but not whether he had waived his right to lodge it.
 
 
 [4]
 The question is whether there is a colorable basis for appeal--not whether the defendant can articulate that basis. Finding the colorable claim, or determining the lack thereof, is counsel's job. See supra.
 
 
 [5]
 In United States v. Gipson, 985 F.2d 212, 217 (5th Cir. 1993), we held that an attorney had provided ineffective assistance in failing, after his client had expressed an interest in appealing, to inform the client that notice of appeal was permitted in only a ten-day window following entry of judgment. We explained [w]e do not mean to suggest that a waiver [of the right to appeal] can never exist where a defendant requests that his attorney file an appeal. For example, we have held that waiver can occur even if a defendant requests that his attorney file an appeal, and no appeal is filed, where the defendant does not rely on any error by counsel in losing the right to appeal. The instant case is distinguishable because here [defendant] lost his right to appeal due to his attorney's error. Id. at 217 n.7 (citations omitted). Castano presents us with a strikingly similar case. Had his counsel informed him of the possibility of a sentence enhancement before he pleaded guilty, then counsel would certainly have been justified in denying Castano's demand for appeal; there would have existed no grounds to appeal the plea, and he would properly have waived appeal of his sentence. Only Castano's counsel's admitted error--his failure fully to inform Castano of the consequences of the presence of the gun--presented Castano with an opportunity validly to demand appeal.