IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50250
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

TOMMY WARD BARKER,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CV-137
USDC No. W-88-CR-130-17
- - - - - - - - - - -
May 17, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Tommy Ward Barker appeals the district court's denial of his 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel at sentencing for (1) failing to raise the "parolable" nature of Barker's offense, and (2) failing to request a decreased sentence on the basis of the type of methamphetamine involved. The Sentencing Guidelines abolished parole. See Golon-Peretz v. United States, 498 U.S. 395, 399, 401 n.4, 410 (1991); Lightsey v.

_____

    [*] Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

Kastner, 846 F.2d 329, 331-32 (5th Cir. 1988)(the Sentencing Reform Act abolishes parole); United States v. White, 869 F.2d 822, 826 (5th Cir. 1989)(sentencing guidelines apply to any offense committed after October 31, 1987, including a conspiracy which began prior to that date but continued after that date). This court determined on direct appeal that the guidelines were applicable to this case. See United States v. Devine, 934 F.2d 1325, 1332-35 (5th Cir. 1990). This issue is therefore without merit.

Barker argues that because the methamphetamine at issue was d,l-methamphetamine, and not "pure" d-methamphetamine, he should not have been sentenced as if the entire amount were d-methamphetamine, and counsel was ineffective for failing to raise this issue at sentencing. There is no precedent in this circuit, however, for using the l-methamphetamine calculation when d,l-methamphetamine is the substance at issue. On the contrary, expert testimony in other cases has resulted in scoring d,l-methamphetamine as if it were a mixture of 50% d-methamphetamine and 50% l-methamphetamine. See e.g., United States v. Allison, 63 F.3d 350, 353 (5th Cir. 1995); United States v. Acklen, 97 F.3d 750, 751 (5th Cir. 1996). Barker has not established that his sentence would have been significantly less harsh if counsel had raised this then-novel sentencing issue. See United States v. Seyfert, 67 F.3d 544, 548-49 (5th Cir. 1995). The district court did not err in refusing to grant § 2255 relief on this claim.

AFFIRMED.