United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2004

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 03-11169
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAULETTE McTIZIC,
also known as Paulette Metizic,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(4:03-CR-36-ALL-Y)

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Paulette McTizic, who pleaded guilty to bank fraud, in violation of 18 U.S.C. § 1344, contests her sentence. McTizic was sentenced, *inter alia*, to 77 months imprisonment. A district court's application of the Sentencing Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cabrera*, 288 F.3d 163, 168 (5th Cir. 2002).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

McTizic claims the district court erred by engaging in "double counting" by relying on the "same facts" to impose both a four-level increase under U.S.S.G. § 3B1.1(a), for McTizic's role as a "leader" or "organizer" of the offense and a two-level increase under U.S.S.G. § 2B1.1(b)(8)(c), for the "sophisticated means" used to commit the offense. "Double counting" under the guidelines is prohibited only if it is expressly forbidden by the guidelines being applied.  *See United States v. Jones*, 145 F.3d 736, 737 (5th Cir. 1998); U.S.S.G. § 1B1.1, comment. (n.4).  Neither § 3B1.1 nor § 2B1.1 prohibit the cumulative application of the guidelines.

To the extent McTizic contests the imposition of the four-level organizer/leader increase under § 3B1.1(a), she has not established that the district court erred in concluding that the increase was warranted by her recruiting public employees to provide information crucial to the bank-fraud scheme and by her manufacturing fraudulent checks and identification documents. *See United States v. Stevenson*, 126 F.3d 662, 664 (5th Cir. 1997).

*AFFIRMED*

2