United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

No. 03-11169
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAULETTE McTIZIC,
also known as Paulette Metizic,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas
(4:03-CR-36-ALL-Y)

---

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

This court affirmed Paulette McTizic's conviction for bank fraud, in violation of 18 U.S.C. § 1344, and her 77-month sentence. *United States v. McTizic*, 03-11169, 2004 WL 2244209 (5th Cir. 30 Sept. 2004). The Supreme Court granted McTizic's petition for writ of certiorari and for leave to proceed *in forma pauperis* (IFP); vacated our judgment; and remanded the case for further consideration in the light of *United States v. Booker*, 543 U.S.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

___, 125 S. Ct. 738 (2005). *McTizic v. United States*, 125 S. Ct. 1682 (2005). We requested, and received, supplemental briefs addressing the impact of *Booker*. Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming the conviction and sentence.

For the first time in her petition for rehearing, McTizic challenged the constitutionality of her sentence, based on the then-recent holding in *Blakely v. Washington*, 542 U.S. ____, 124 S. Ct. 2531 (2004). Absent extraordinary circumstances, we will not consider a defendant's *Booker*-related claims presented for the first time in a petition for rehearing. *United States v. Hernandez-Gonzalez*, 405 F.3d 260, 261 (5th Cir. 2005).

McTizic has presented no evidence of extraordinary circumstances. Even if showing such circumstances was not required, because she did not raise her *Booker*-claims in district court, any review would be only for plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed*, (U.S. 31 Mar. 2005) (No. 04-9517). Her claims would fail the third prong of plain-error review because she does not show any error affected her substantial rights; she makes no "showing that the error ... affected the outcome of the district court proceedings". *Id.* at 521 (quotation omitted). In sum, because she fails plain-error review, McTizic falls far short of showing the requisite extraordinary circumstances.

2

AFFIRMED