# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 11, 2009

Charles R. Fulbruge III
Clerk

No. 07-10771
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRIS JACKSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-832
USDC No. 4:00-CR-250-ALL

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Chris Ryan Jackson, federal prisoner # 06914-089, was convicted by a jury of one count of possession with intent to distribute 30 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); one count of carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1); and two counts of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We previously affirmed his conviction and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence on direct appeal, rejecting, inter alia, the argument that in light of *United States v. Booker*, 543 U.S. 220 (2005), the district court committed plain error when it found certain facts relative to sentencing. Jackson subsequently filed a 28 U.S.C. § 2255 motion, which the district court denied. A judge of this court granted a certificate of appealability on one of the nine claims that Jackson sought to raise on appeal: whether counsel's failure to raise an objection to the district court's findings of drug type and quantity pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), constituted ineffective assistance of counsel.

Jackson was sentenced to 168 months in prison on the drug count. That sentence does not exceed the statutory maximum of 20 years that applies when the amount of cocaine is less than 500 grams. *See* 21 U.S.C. § 841(b)(1)(C). In other words, Jackson's sentence did not exceed the maximum authorized by the jury verdict; thus, there was no *Apprendi* violation. *See United States v. Cooper*, 274 F.3d 230, 243 (5th Cir. 2001); *United States v. Doggett*, 230 F.3d 160, 164-65 (5th Cir. 2000). It follows that counsel did not render ineffective assistance by failing to raise what would have been a meritless *Apprendi*-based objection. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

As for any failure of counsel to preserve an objection to judicial factfinding regarding drug type and quantity in light of *Booker*, there likewise was no ineffective assistance of counsel. *See United States v. Fields*, 565 F.3d 290, 293-97 (5th Cir. 2009).

For the foregoing reasons, the judgment of the district court is AFFIRMED.