# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 6, 2010

Lyle W. Cayce
Clerk

No. 07-11160
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PAULETTE GUY McTIZIC, also known as Paulette Metizic,

Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-655

Before JOLLY, WIENER and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Paulette Guy McTizic, pro se, appeals the district court's denial of her motion, pursuant to 28 U.S.C. § 2255, to correct, vacate or set aside her sentence on the ground of ineffective assistance of counsel. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 07-11160

## I.

In February of 2003, a grand jury in the Northern District of Texas returned a three-count indictment against McTizic. Count one charged her with with bank fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1344 & 2. Count two charged her with possession of a forged security, in violation of 18 U.S.C. § 513(a). Count three charged her with fraudulent possession of identification documents, in violation of 18 U.S.C. § 1028(a)(3). McTizic pleaded guilty to count one on October 27, 2003. At sentencing, McTizic's counsel objected to the two-level increase in her base offense level for the use of "sophisticated means" to commit bank fraud and the four-level increase based on McTizic's role as the "organizer" or "leader of criminal activity involving five or more participants. *See* U.S.S.G. § 2B1.1(b)(9)(C); § 3B1.1(c). McTizic's counsel objected that these enhancements amounted to double-counting, but did not raise any constitutional objection. The district court overruled all of the objections, denied the government's motion for a downward departure under § 5K1.1 and sentenced her to 77 months imprisonment, which was near the bottom of the then-mandatory Guidelines.

McTizic appealed her conviction and sentence, which this court affirmed. *United States v. McTizic*, 111 F. App'x 255 (5th Cir. 2005) (unpublished) *vacated by McTizic v. United States.*, 544 U.S. 917 (2004). In a petition for rehearing, McTizic argued for the first time that her sentence was invalid in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). This court denied rehearing and McTizic filed a petition for certiorari. The Supreme Court vacated McTizic's conviction and remanded the case for reconsideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *McTizic,* 544 U.S. at 917. This court reinstated it judgment affirming conviction and sentence, declining to consider McTizic's *Booker*-related claims, as they had

2

been presented for the first time in her petition for rehearing. *United States v. McTizic*, 139 F. App'x 635 (5th Cir. 2005) (unpublished).

McTizic timely filed a motion under 28 U.S.C. § 2255 in which she raised a number of claims of ineffective assistance of counsel. She claimed that her trial counsel failed to object that certain factual issues related to sentencing had been resolved by a judge rather than a jury, in violation of the Sixth Amendment, despite her specific instructions to make this objection. The government responded that McTizic had failed to establish that her counsel had been ineffective because this court's decision in *United States v. Keith*, 230 F.3d 784 (5th Cir. 2000), foreclosed any objection on *Apprendi* grounds at the time of sentencing and counsel could not be expected to foresee the developments in the law following *Blakely* and *Booker*. The district court denied the motion for the reasons stated by the government and declined to order an evidentiary hearing. This court granted a COA on the question of whether McTizic's counsel rendered ineffective assistance of counsel by failing to heed her requests to lodge an objection under *Apprendi* to her sentence.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 2253 because we previously issued McTizic a COA in this case. "We 'review a district court's conclusions with regard to a petitioner's § 2255 claim of ineffective assistance of counsel de novo.'" *United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005) (quoting *United States v. Conley*, 349 F.3d 837, 839 (5th Cir. 2003)). We review "a district court's refusal to grant an evidentiary hearing on a § 2255 motion for abuse of discretion." *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008).

The Sixth Amendment guarantees criminal defendants the "right to effective assistance of counsel at every critical stage of the proceedings against them." *Burdine v. Johnson*, 262 F.3d 336, 344 (5th Cir. 2001). This right "is denied when a defense attorney's performance falls below an objective standard

of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). We review claims of ineffective assistance of counsel under the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984).

To satisfy this test, a petitioner "[f]irst ... must show that [his] counsel's performance was deficient." *Strickland*, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. Second, the petitioner "must show that the deficient performance prejudiced the defense." *Id*. at 687. "This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable." *Id*. To do so, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

We are mindful of the Supreme Court's admonition that "judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. An appellate court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.; *accord United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). Further, we must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Guided by this principle, "we have repeatedly held that 'there is no general duty on the part of defense counsel to anticipate changes in the law.'" *Fields*, 565 F.3d at 294 (citing *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir.1997)).

Here, McTizic asserts that her counsel was ineffective for failing to lodge an objection under *Apprendi* or *Blakely* to the district court's factual findings

that supported her sentence enhancements. At the time of *McTizic*'s sentencing, however, *Blakely* had not yet been decided and this court's controlling preceding made clear that *Apprendi* did not apply in cases where a defendant's sentence was not enhanced beyond the statutory maximum. *See Keith*, 230 F.3d at 787; *United States v. Doggett*, 230 F.3d 160, 165 (5th Cir. 2000); *United States v. Meshack*, 225 F.3d 556, 576 (5th Cir. 2000), *amended on rehearing in part by* 244 F.3d 367 (5th Cir. 2001). McTizic's sentence of 77 months was well within the statutory maximum sentence for bank fraud. *See* 18 U.S.C. § 1344. We have previously held that the failure of defense counsel to anticipate the direction that the Supreme Court would take in *Blakely* and *Booker* does not give rise to a claim for ineffective assistance of counsel. *See, e.g., Fields*, 565 F.3d at 297 ("[W]e cannot hold Fields's counsel ineffective for failing to predict the absolute sea-change in federal sentencing wrought by *Booker*. (internal quotation marks and citation omitted)); *United States v. Jackson*, 332 F. App'x 973 (5th Cir. 2009) (unpublished).

We pause to note that this case is somewhat distinguished by the fact that McTizic submitted a sworn affidavit in which she describes in detail how she was made aware of the potential impact of *Blakely* and communicated her request to her trial counsel that he file an objection based on the case. In general, attorneys are obliged to follow the explicit instructions of their clients. *See Faretta v. California*, 422 U.S. 806, 820 (1975) ("The counsel provision . . . speaks of the 'assistance' of counsel, and an assistant, however expert, is still an assistant."); *Autry v. McKaskle*, 727 F.2d 358, 362 (5th Cir. 1984) (noting defense counsel's ethical obligations to follow a competent client's wishes). We believe that McTizic's counsel should have better communicated with her as to why he did not file an objection pursuant to *Apprendi*. Under *Strickland*'s rigorous test, however, we cannot say that the failure to raise what would have been a fruitless objection amounts to ineffective assistance of counsel in this case.

No. 07-11160

Because we find that McTizic has failed to meet the first prong of *Strickland*'s test, we need not address the question of prejudice. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).

We likewise conclude that there was no need for an evidentiary hearing in this case, as "we can conclude as a matter of law that [McTizic] cannot establish one or both of the elements necessary to establish [her] constitutional claim." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.