# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 15, 2013

Lyle W. Cayce
Clerk

No. 11-10786

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WILLIAM BRENT,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-120-1

Before JONES, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

William Brent ("Brent") appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Brent claims his counsel rendered constitutionally deficient assistance by advising him to accept one plea deal over another based, in part, on a miscalculation of the applicable guidelines range under U.S.S.G. § 2K2.1. Because Brent failed to establish he was prejudiced by his attorney's purported ineffectiveness, we AFFIRM the district court's denial of his § 2255 motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10786

## I.

Brent was charged with eight counts of drug and firearm offenses; combined, these carried more than a life sentence. The government offered Brent two alternative plea offers: (1) plead guilty to two of the firearm offenses, waive his appellate rights, and agree to a 240-month sentence ("First Plea Offer"); or (2) plead guilty to all three of the firearm offenses, retain his appellate rights, and accept a sentence imposed by the court after consideration of the Sentencing Guidelines, which could be up to the 30-year maximum ("Second Plea Offer"). When these deals were offered, Brent's federal public defender and the government mistakenly believed that the applicable guidelines range under U.S.S.G. § 2K2.1 would be 168–210 months for the firearm offenses; it was actually 262–327 months.[1]

Brent attests he initially intended to accept the First Plea Offer because its sentence was 10 years shorter than the sentence under the Second Plea Offer. He contends he only agreed to accept the Second Plea Offer after his attorney advised him that it was in his best interest to retain his appellate rights.[2] When the PSR came out with the recommended sentencing range of 262–327 months, the parties realized their mutual mistake and Brent's attorney asked the government to renew the First Plea Offer. The government declined, stating that if it had known about the proper cross reference, it would not have made the 20-year offer in the first place. Nevertheless, the government agreed that Brent should have the opportunity to withdraw his plea under the Second Plea Offer. Brent initially decided not to withdraw his plea but changed his mind and went

---

[1] The parties had forgotten to apply the appropriate cross reference that took into consideration Brent's drug-trafficking offenses.

[2] When he accepted the Second Plea Offer, Brent stipulated that he understood that (1) his sentence would be up to the court's discretion after considering the United States Sentencing Guidelines, which are advisory only; (2) "no one can predict with certainty the outcome of the Court's consideration of the guidelines in this Case"; (3) he faced up to 30 years in prison; and (4) he would not be able to withdraw his plea if his sentence was higher than he expected.

to trial. Although the district court offered to appoint new counsel, Brent retained his attorney, stating he was "happy and satisfied with the work" that his federal public defender had done.

Brent was convicted by a jury on one count of possession with intent to distribute 50 grams or more of a mixture and substance containing cocaine base; one count of possession of firearms in furtherance of a drug trafficking crime; and three counts of being a felon in possession of a firearm. He received a life plus 60-month prison sentence. We affirmed the district court's judgment, *United States v. Brent*, 300 F. App'x. 267 (5th Cir. 2008), and the Supreme Court denied his petition for a writ of certiorari, *Brent v. United States*, 130 S. Ct. 54 (2009). The district court subsequently denied Brent's § 2255 motion asserting ineffective assistance of counsel without holding an evidentiary hearing. We then granted a COA to determine whether Brent's counsel rendered ineffective assistance by advising Brent to accept the Second Plea Agreement rather than the First.

## II.

We review the district court's factual findings underlying the denial of a § 2255 motion for clear error and its conclusions of law *de novo*. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008). To succeed on an ineffective assistance of counsel ("IAC") claim, a petitioner must show that (1) his counsel's representation fell below an objective standard of reasonableness; and (2) he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 2064 (1984). Prejudice from IAC where a plea offer has been rejected requires a showing that, but for the counsel's deficient performance, there is a reasonable probability that (1) "the defendant would have accepted the plea"; (2) "the prosecution would not have withdrawn [the plea] in light of intervening circumstances"; (3) "the court would have accepted its terms"; and (4) "the offer's terms would have been less severe than under the

judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012).

Brent argues that his attorney was ineffective for advising him to accept the Second Plea Offer rather than the First Plea Offer. Although Brent asserts that he would have accepted the First Plea Offer, and its 20-year sentence would have been shorter than the life plus 60-month sentence he received after going through trial, his argument comes up short under the second and third prongs of *Lafler*'s prejudice test. First, Brent's conclusory allegation that "it goes without saying" that he would have received the 20-year sentence under the First Plea Offer but for his attorney's advice to accept the Second Plea Offer is insufficient to establish prejudice. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Further, the government's refusal to renew the First Plea Offer upon recognizing Brent's actual advisory guidelines exposure indicates that it probably would have withdrawn that offer before it could have been accepted by the district court. *Cf. United States v. Papeleo*, 853 F.2d 16, 20 (1st Cir. 1988) (holding that because a plea offer by the government is for a unilateral contract, the government may withdraw it until the defendant's guilty plea is accepted by the court). Brent offers no evidence to the contrary. He similarly fails to provide any reason why the district court would have been justified to accept the First Plea Offer's sentence that was 22 months below the minimum of the guideline range. *See* U.S.S.G. § 6B1.2(c)(2) (noting that a court must have justifiable reasons to accept a plea agreement under Rule 11(c)(1)(C) if the sentence is outside the guideline range). Finally, it is particularly unlikely that the district court would have accepted the First Plea Offer. The judge emphasized that the violent nature of Brent's crimes combined with Brent's criminal history—including attempted murder, several gun charges, aggravated assault with a deadly weapon, evading arrest, and drug possession—meant "a life sentence is appropriate in this case." We therefore conclude that Brent has not established he suffered prejudice as a result of his attorney's advice to accept the

Second Plea Offer. Accordingly, Brent's IAC claim fails as a matter of law and it is unnecessary for us to address whether his attorney's performance was deficient. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). The district court's denial of Brent's § 2255 motion is AFFIRMED.