**Revised May 8, 2000**

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————

No. 98-50062

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES THOMAS PHILLIPS,

Defendant - Appellant.

Appeal from the United States District Court
for the Western District of Texas

April 18, 2000

Before REAVLEY, SMITH, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Federal prisoner James Thomas Phillips filed a motion under 28 U.S.C. § 2255 challenging his 1991 conviction and sentence. The district court denied his motion, and we granted him a certificate of appealability on a single issue. Having considered that issue, we vacate his sentence and remand for resentencing.

**I**

While conducting an unrelated investigation, Austin police discovered a Chevrolet Suburban in a motel parking lot that was registered to Phillips, a federal fugitive, under an alias. Before the officers could arrest him, he left in a station wagon with Laurie McCravy, his common law wife, and her three children. The police followed, stopped the station wagon, and arrested Phillips and McCravy. Inside the station wagon, the police found a loaded firearm and a box containing approximately 1200 grams of methamphetamine.

Phillips was prosecuted and convicted by a jury of conspiracy to possess methamphetamine with intent to distribute, possession of methamphetamine with intent to distribute, and carrying a firearm during a drug related offense. *See* 18 U.S.C. § 924(c); 21 U.S.C. §§ 841(a)(1), 846. The trial judge sentenced him to concurrent 188-month terms for the conspiracy and possession convictions and to a consecutive sixty-month term for the firearms conviction. The court arrived at this sentence, in part, by finding that Phillips's sentence should be enhanced for obstruction of justice. *See* United States Sentencing Commission, *Guidelines Manual*, § 3C1.1 (1991).

We affirmed on direct appeal. *See United States v. Phillips*, No. 91-8527 (5th Cir. Dec. 10, 1992) (unpublished). We did not address the obstruction of justice enhancement because, although Phillips claims he asked his appellate counsel to do so, the enhancement was not challenged on appeal.

Phillips subsequently filed this § 2255 motion. The magistrate judge recommended denying the motion and the district court "adopt[ed] the Magistrate Judge's factual findings and legal conclusions." After the district court denied Phillips's request for a certificate of appealability, we granted him a certificate on a single issue: whether his counsel was ineffective for not appealing the obstruction of justice enhancement.

**II**

The district court determined that Phillips's trial counsel was not ineffective because the obstruction of justice enhancement was proper. We review this ruling *de novo*. *See United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994).

A criminal defendant has a constitutional right to receive effective assistance of counsel on direct appeal. *See Hughes v. Booker*, 203 F.3d 894, 895 (5th Cir. 2000). A claim of ineffective assistance based on the failure to argue an issue on appeal is governed by the familiar two-part *Strickland* test, which requires us to determine whether: (1) the attorney's performance was deficient, and (2) the deficiency prejudiced the defendant. *See Roe v. Flores-Ortega*, — U.S. —, __, 120 S. Ct. 1029, 1034, 145 L. Ed. 2d 985, __ (2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, __ (1984)); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

**A**

Counsel is not deficient for not raising every non-frivolous issue on appeal. *See Williamson*, 183 F.3d at 462. Instead, to be deficient, the decision not to raise an issue must fall "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064, 80 L. Ed. 2d at __. This reasonableness standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (citations omitted). Thus, to determine whether Phillips's appellate counsel was deficient, we consider whether a challenge to the obstruction enhancement would have been sufficiently meritorious such that Phillips's counsel should have raised it on appeal.

The version of § 3C1.1 in effect at the time Phillips was sentenced[1] stated:

> If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.

USSG § 3C1.1 (1990). We have previously identified two factors which distinguish between obstructive and non-obstructive conduct: (1) whether the conduct "presents an inherently high risk that justice will be obstructed;" and (2) whether the conduct "requires a significant amount of planning," as opposed to being "the result of a spur of the moment decision" or "stem[ming] from merely panic, confusion, or mistake." *United States v. Greer*, 158 F.3d 228, 235 (5th Cir. 1998).

The Presentence Report ("PSR") in this case justified its recommendation of an enhancement under § 3C1.1 by stating: "This defendant provided untruthful testimony concerning material facts at his trial wherein he attempted to obstruct the administration of justice during the investigation and prosecution of the instant offense." Phillips objected on the grounds that the probation officer was not present at trial and was thus unable to judge his truthfulness as a witness. The United States ("the government") responded by stating that the defendant provided false information to law enforcement officers after his arrest. The government bolstered this assertion by submitting an affidavit from one of the arresting officers discussing allegedly-obstructive statements Phillips made to the arresting officers. Specifically, Phillips denied knowing the ownership of the Suburban, the methamphetamine, and the station wagon. Also, he refused to clarify his relationship with McCravy and he explained his unhelpfulness by claiming he had hearing and memory deficits. The probation officer adopted this response to Phillips's objections in an addendum to the PSR.

---

[1] We apply the version of the sentencing guidelines in effect at the time of sentencing, unless this would violate the *Ex Post Facto* Clause. *See* 18 U.S.C. § 3553(a)(4)(A); *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

-4-

The court generally "adopt[ed] . . . as its finding the factual statements contained in the presentence report as to which there are no objections." Rather than adopting the PSR's contested findings, however, the court made its own findings. As to the obstruction of justice enhancement, the court found that Phillips's statements to the arresting officers justified the enhancement without addressing the accusations of perjury.[2]

The application notes to § 3C1.1 make clear that not all false statements to law enforcement justify the enhancement. Application Note 1 generally provides that mere denials of guilt do not merit the enhancement. *See id.* comment. (n.1) ("A defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury) . . . is not a basis for application of this provision."); *United States v. Surasky*, 976 F.2d 242, 245 & n.2 (5th Cir. 1992) (distinguishing between a mere denial of guilt, which is not obstructive, and conduct which exceeds a mere denial and which could be obstructive). More specifically, Application Note 4(b) states that "making false statements, not under oath, to law enforcement officers" generally is not obstructive, "unless Application Note 3(g) above applies." *Id.* comment. (n.4(b)). Note 3(g), in turn, provides a highly specific example of a false statement to law enforcement officials which is obstructive: "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense." *Id.* comment. (n.3(g)). The district court relied on Note 3(g) in applying the enhancement here, directly tracking the note's language.

Phillips's statements to the arresting officer, read in a light most favorable to him, *see id.* appl

---

[2]     The court stated:
The Court finds the Defendant impeded and obstructed justice, having heard trial testimony and the presentation of physical evidence. Obstruction conduct can vary widely and essentially . This Defendant provided materially false statements to law enforcement officers that significantly obstructed the investigation process to include the prosecution of the instant offense.

n. 1 ("In applying this provision, the defendant's testimony and statements should be evaluated in a light most favorable to the defendant."), did not support the enhancement because they did not significantly obstruct the investigation, *see Surasky*, 976 F.2d at 245 (comparing notes 3(g) and 4(b) and "hold[ing] that a false statement made by a defendant to law enforcement officers cannot constitute obstruction of justice unless the statement obstructs or impedes the investigation at issue significantly"). Phillips's statements that he had poor memory and his denial of ownership of the Suburban did not even relate to the methamphetamine investigation. *Cf.* USSG § 3C1.1 comment. (n.5) (defining materiality according to whether the statement "if believed, would tend to influence or affect the issue under determination"); *Surasky*, 976 F.2d at 245-46 & n.4. Those which did relate to the investigation—Phillips's claim not to know who owned the drugs or the station wagon and his refusal to clarify his relationship with McCravy—were "a mere denial of guilt." *Surasky*, 976 F.2d at 245. These statements did not give the officers false information which led them on a misdirected investigation, nor did they impede the investigation. *See id.* at 245-47;[3] *cf. United States v. Smith*, 203 F.3d 884, 891 (5th Cir. 2000) (finding the enhancement appropriate for someone whose "statement went far beyond merely denying her own involvement or refusing to provide information, which would not qualify for the obstruction enhancement; she specifically sent the FBI investigators on the trail of unknown suspects, whom she specifically described in order to obstruct the

---

[3] In *Surasky*, we found that an inmate's denial of involvement in an escape attempt did not justify the enhancement because it was a "mere denial of guilt." *Id.* at 245. We noted that, even if the inmate's statements were more than a mere denial of guilt, the enhancement would still be improper because the statement did not significantly obstruct the investigation:

> Surasky's co-conspirator confessed almost immediately upon the discovery by jail officials of the damaged window (although Stier's initial mea culpa did not implicate Surasky). Moreover, jail officials discovered incriminating blisters on Surasky's hands. Finally, some of Surasky's fellow inmates told jail officials that they had witnessed Surasky's escape preparations.

*Id.* at 247. The facts here are similar: the drugs were found with Phillips, he was already under arrest and thus not able to escape through his false statements, and the false statements did not give the police a "false lead."

-6-

investigation into her own and her co-conspirators' involvement"); *United States v. Rickett*, 89 F.3d 224, 226 (5ᵗʰ Cir. 1996) (finding that an obstruction enhancement was appropriate when a defendant gave officers a false identification at the time of his arrest which led them to arrest an innocent third party and forced them to file a superseding indictment against the defendant); *United States v. Williams*, 79 F.3d 334, 337 (2d Cir. 1996) (finding that a defendant's denial on arrest that he knew a suspect was not obstructive because the suspect had already informed officers of the defendant's involvement in the conspiracy).

The government argues that other obstructive conduct Phillips engaged in—namely his perjury and his encouragement of false testimony from another witness—made any appeal of the enhancement futile. *Cf. Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5ᵗʰ Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."). As this other conduct was neither the grounds for the enhancement nor is clearly established in the record, and because the grounds the district court relied on are incorrect, we disagree that an appeal of the enhancement would have been futile. Instead we find, based on controlling case law, that Phillips had a clearly meritorious appellate issue regarding whether the enhancement was proper and that, accordingly, his appellate counsel was deficient for not raising this issue on appeal. *Cf. Williamson*, 183 F.3d at 462-63 & n.7 (finding deficient performance when counsel did not cite "directly controlling precedent" which showed that a sentencing enhancement was improper); *United States v. Kissick*, 69 F.3d 1048, 1056 (10ᵗʰ Cir. 1995) ("An attorney's failure to challenge the use of a prior conviction to classify the defendant as a career offender when that prior conviction is facially insufficient to satisfy the definition of a 'controlled substance offense' under USSG § 4B1.2 therefore constitutes deficient performance under *Strickland*.").

**B**

We next consider whether Phillips was prejudiced by his appellate counsel's deficiency. To show prejudice, Phillips must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at __, *quoted in Williamson*, 181 F.3d at 463 (applying the standard to ineffective appellate counsel). "A reasonable probability is that which renders the proceeding unfair or unreliable, i.e., undermines confidence in the outcome." *Williamson*, 181 F.3d at 463.

In the appellate context, the prejudice prong first requires a showing that we would have afforded relief on appeal. As we aptly noted in *Williamson*, this requires us to "counter-factually determine the probable outcome on appeal had counsel raised the argument." *Id.* at 463. Had Phillips raised the issue, we would have reviewed "the district court's interpretation or application of the Sentencing guidelines de novo and its factual findings, such as a finding of obstruction of justice, for clear error." *United States v. Huerta*, 182 F.3d 361, 364 (5ᵗʰ Cir. 1999), *cert. denied* — U.S. —, 120 S. Ct. 1238, 146 L. Ed. 2d 105 (2000). Because application of § 3C1.1 without an adequate factual basis is reversible error, *see Surasky*, 976 F.2d at 248, we would have vacated the district court's imposition of the enhancement and remanded for resentencing.

The fact that attorney error resulted in a longer sentence, however, does not always show prejudice. In *Spriggs v. Collins*, 993 F.2d 85 (5ᵗʰ Cir. 1993), we stated that, to show that a sentencing error was prejudicial, a petitioner must show that there is "a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh." *Id.* at 88; *see also United States v. Stewart*, 207 F.3d 750, 751 (5ᵗʰ Cir. 2000) (same). We

premised this rule on the fact that many state sentencing schemes allow a broad sentence range without attaching specific differences in the range to particular enhancing factors. *See Spriggs*, 993 F.2d at 88. The significant prejudice rule reflected our concern that reversal without a showing that "the sentence would have been significantly less harsh" would lead to "an automatic rule of reversal." *Id.* ("Arguably, when the discretionary sentencing range is great, practically any error committed by counsel could have resulted in a harsher sentence, even if only by a year or two.").

We qualified this significant prejudice rule in *dictum*: "one foreseeable exception to this requirement would be when a deficiency by counsel resulted in a specific, demonstrable enhancement in sentencing—such as an automatic increase for a 'career' offender or an enhancement for use of a handgun during a felony—which would have not occurred but for counsel's error."[4] *Id.* at 88 n.4. This exception applies here. The obstruction enhancement increased Phillips's offense level for the drug offenses from thirty-two to thirty-four, placing him in a sentencing range of between 151 to 188 months. Had the enhancement not been applied to him, his sentencing range would have been between 121 and 151 months, well below the 188 months he actually received for each offense. Thus, he received a sentence which was at least thirty-seven months longer than appropriate given the district court's findings. Because this demonstrable enhancement was ultimately solely

---

[4] The Seventh Circuit has read *Spriggs* as not allowing a finding of prejudice when the sentencing error is relatively small. *See Durrive v. United States*, 4 F.3d 548, 551 (7th Cir. 1993) (finding no prejudice where correction of the sentence would result in "at least one year's reduction in the sentence"); *Martin v. United States*, 109 F.3d 1177, 1178 (5th Cir. 1996) (finding no prejudice where the increase was only by two levels). However, in reaching this conclusion, the Seventh Circuit ignored our direction that demonstrably erroneous enhancements would still justify relief regardless of their "significance," *see Martin*, 109 F.3d at 1179, 1182-83 (Rovner, J., dissenting from denial of rehearing *en banc*) (stating that the Seventh Circuit has "failed to recognize the express limitations that the Fifth Circuit placed on the 'significance' test we borrowed from *Spriggs*"), and it correspondingly ignored our above-noted rationale for imposing the "significant prejudice requirement, *see id.* For this reason, three judges of the Seventh Circuit recently criticized that circuit's approach in a similar case. *See id.*

We, of course, are not bound by Seventh Circuit case law, even when it adopts our precedent. Instead, we rely on our own statement that an exception to our significant prejudice rule is appropriate here.

attributable to counsel's failure to raise the issue on appeal, we hold that Phillips has shown prejudice.[5]  *See id.*; *cf. United States v. Glover*, 97 F.3d 1345, 1350 (10th Cir. 1996) (finding prejudice where the defendant "allege[d], without challenge on our record, that his sentencing range was improperly enhanced from 63-78 months to 110-134 months on each methamphetamine count," and where the defendant was sentenced to 120 months); *Kissick*, 69 F.3d at 1056 (citing *Spriggs* and finding prejudice where a defendant was sentenced to 328 months in custody based on a mistaken range of between 324 and 405 months, when his range should have been 262 to 327 months); *United States v. Ford*, 918 F.2d 1343, 1350 (8th Cir. 1990) (finding prejudice where the defendant's "original sentence, 300 months, is thirty-eight months longer than the maximum sentence resulting from a base offense level of 32.").

We are not persuaded by the government's argument that Phillips's above-noted other conduct justified the enhancement, thus precluding him from showing prejudice because he is unable to show that "the proceeding [was] unfair or unreliable." *Williamson*, 183 F.3d at 463.  As to Phillips's alleged perjury, the government misleadingly suggests that the court also imposed the enhancement because it found that Phillips committed perjury at trial.  In fact, the court implicitly

---

[5]     This result mirrors our case law dealing with prejudice in the context of a plain error analysis. *See United States v. Cabral-Castillo*, 35 F.3d 182, 189 (5th Cir. 1994) (noting that one of the elements of a plain error analysis is whether the error affected substantial rights, which involves consideration of whether the defendant has shown prejudice). We have previously found that sentencing errors resulting in longer sentences are prejudicial for purposes of a plain error analysis. *See Williamson*, 183 F.3d at 464 ("An increase in his sentence from fewer than 15 years to 30 years indisputably and prejudicially affects his rights."); *United States v. Franks*, 46 F.3d 402, 405 (5th Cir. 1995) ("Because Franks erroneously and mistakenly received a substantially longer [by 63 months] sentence than he should have received, the fairness and integrity of the judicial proceedings was seriously affected."). Most notably, in *Cabral-Castillo* a defendant was sentenced under a mistaken range of between 188 and 255 months. *See Cabral-Castillo*, 35 F.3d at 189. Even though the defendant's actual sentence, 188 months, fell within the proper range of 151 to 188 months, we found that he was prejudiced by the mistake. *See id.*

rejected finding perjury,[6] and the government has not identified any part of the record which shows this was improper. *Cf. United States v. Gonzalez*, 163 F.3d 255, 262-63 (5th Cir. 1998) (noting that we review the court's perjury finding for clear error). As for Phillips's alleged encouragement of false testimony from McCravy's daughter, the record cites the government provides are inadequate to establish that he is plainly subject to the enhancement. Additionally, we decline to reach this issue now when the government did not raise it below.

## III

In sum, we find that Phillips's appellate counsel was ineffective for not challenging the obstruction of justice enhancement on appeal. Accordingly, we VACATE the sentence and REMAND for resentencing not inconsistent with this opinion.[7]

---

[6] The PSR argued that Phillips committed perjury at trial, causing Phillips to object. The court adopted the PSR's unobjected-to findings but made its own findings regarding the objections. It imposed the obstruction enhancement without discussing perjury at all, stating instead that "[t]his defendant provided materially false statements to law enforcement officers that significantly obstructed the investigation process to include the prosecution of the instant offense."

Under Fed. R. Crim. P. 32, the district court must make findings on contested facts in the PSR or adopt the PSR in its entirety. *See Rickett*, 89 F.3d at 226. The fact that the district court did neither here with regard to perjury implies that it found that there was no perjury which justified the enhancement.

It is on this grounds that we disagree with the dissent, which states that "the sentencing court did find that Phillips committed perjury." Reading the district court's finding on the obstruction enhancement in its entirety (as quoted in footnote 2 of this opinion), and reading it in context, it is clear that the court did not find that Phillips perjured himself. Although nothing we state here prevents the district court from imposing the enhancement for perjury on resentencing, we decline to find here that Phillips perjured himself without first having factual findings on this point from the court which heard all the testimony. *Cf. United States v. Dunnigan*, 507 U.S. 87, 95, 113 S. Ct. 1111, 1117, 122 L. Ed. 2d 445, __ (1993) ("For these reasons, if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition we have set out.").

[7] We express no opinion as to whether the district court, on remand, can impose the enhancement under § 3C1.1 based on any or all of Phillips's other conduct, including perjury and any conduct not raised to this court.

-11-

REAVLEY, Circuit Judge, dissenting:

I disagree with the majority on their reading of the sentencing judge's finding and upon their decision that the failure of counsel to object and argue the obstruction of justice enhancement prejudiced Phillips.

Phillips told the arresting officers that he did not know the drugs were in his car; and he testified at trial that he was proceeding to a lawyer's office to make arrangements to surrender on the outstanding fugitive warrant, that he had no role or responsibility for the presence of methamphetamine in the car, and that he planned to give the drugs and weapon to the lawyer as a show of "good faith."

Unsurprisingly, the presentence report recommended adjustment for obstruction of justice for this reason:

> This defendant provided untruthful testimony concerning material facts at his trial wherein he attempted to obstruct the administration of justice during the investigation and prosecution of the instant offense.

Defense counsel objected only to the finding that defendant provided untruthful testimony at his trial, because "[t]he probation officer was not present at trial. He has no way of judging the credibility of any of the witnesses."

At the sentencing the court adopted the factual statements of the report and, as to the controverted issue, said:

> The court finds the Defendant impeded and obstructed justice, having heard trial testimony and the presentation of physical evidence.

The court went on to speak of the false statements to the arresting officers, which has

never been the complaint of this petitioner until his successful plea to this court of appeals. His principal argument to the trial court even in this habeas proceeding was the failure of the sentencing court to make specific findings relative to perjury.

This panel's discussion is irrelevant if the obstruction of justice enhancement was made due to "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." See United States v. Dunnigan, 113 S.Ct. 1111, 1116 (1993).

It seems clear to me that the sentencing court did find that Phillips committed perjury and that the record supports that finding. If that finding is unclear, and if the judge failed to make the required findings, it is very certain that there was no prejudice to warrant our granting this writ for ineffectiveness of counsel. There is no likelihood of a different outcome on the resentencing, and the 1991 sentencing was neither unfair nor unreliable. See Lockhart v. Fretwell, 113 S.Ct. 838, 843 (1993). I dissent.