IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60820
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARD SANGS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:00-CV-45-S-B
--------------------
December 11, 2001

Before JOLLY, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bernard Sangs, federal prisoner # 10671-042, appeals the district court's denial of his 28 U.S.C. § 2255 motion. He argues that his counsel was ineffective in that he did not challenge at trial or on appeal the admissibility of the crack cocaine which he alleges was "false evidence." The record indicates that the Government presented sufficient evidence to establish that the seized substance was crack cocaine and that it was properly handled. Sangs has not shown that he had any evidence that counsel could have presented to show that the drug

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tests conducted by the National Postal Forensic Laboratory were incorrect or that the evidence was improperly handled. Counsel is not ineffective for failing to make a legally meritless argument. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

Sangs argues that his counsel was ineffective in that he did not conduct a pretrial investigation or interview potential witnesses. Sangs raised this argument for the first time in his traverse to the Government's answer and did not file a motion for permission to file an amended complaint as required by Fed. R. Civ. P. 15. He does not assert that the district court abused its discretion in not construing his traverse as a motion to amend his 28 U.S.C. § 2255 motion. He has not shown that the district court abused its discretion in refusing to consider the new issue raised in his traverse. See United States v. Cervantes, 132 F.3d 1106, 1111 (5th Cir. 1998).

Sangs argues that his counsel was ineffective in failing to challenge the drug quantity involved in the offense in view of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Sangs raised this issue for the first time in a motion to amend his 28 U.S.C. § 2255 motion filed after the district court issued its final judgment. Because this claim did not attack the denial of his 28 U.S.C. § 2255 motion, but raised a new claim attacking Sangs' sentence, the district court did not err in construing Sangs' motion to amend his motion as a successive 28 U.S.C. § 2255 motion and transferring it to this court for authorization. See United States v. Rich, 141 F.3d 550, 551-53 (5th Cir. 1998).

Sangs argues that his counsel was ineffective for failing to challenge the district court's increase in his offense level under U.S.S.G. § 3C1.1 for obstruction of justice. The evidence presented at trial indicates that Sangs sent two letters to coconspirator, Antonio Johnson, offering him drugs and money in an attempt to induce him to perjure himself at trial. Sangs also perjured himself at the trial. Sangs' trial counsel objected to the increase but the district court denied the objections. He has not shown that the issue would have been sufficiently meritorious that counsel should have raised it on appeal. See United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000).

Sangs argues that his counsel was ineffective in that he failed to challenge the district court's increase in his offense level for his leadership role in the offense under U.S.S.G. § 3B1.1(a). The Presentence Report stated that the increase was warranted because Sangs recruited Johnson to accept delivery of packages containing controlled substances and that a large amount of drugs were delivered to Sangs in a short period of time, indicating that Sangs' drug activity was extensive. Sangs' trial counsel objected to the increase, and the district court denied the objection. Sangs has not shown that his appellate counsel had any basis for challenging the increase on appeal. See Phillips, 210 F.3d at 348.

Sangs has not shown that his trial or appellate counsel were ineffective or that he was prejudiced by their alleged errors. See Strickland v. Washington, 466 U.S. 668, 697 (1984). Therefore, the district court's judgment is AFFIRMED.