United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50028
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MONICA TAMAYO,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:02-CR-279-ALL
---------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Monica Tamayo appeals the sentence imposed following her guilty plea to misprision of a felony. She argues that (1) her base offense level was erroneously calculated under U.S.S.G. § 2X4.1 at level 32; (2) her base offense level was erroneously enhanced pursuant to U.S.S.G. § 3C1.1 (2003); and (3) her sentence contravened United States v. Booker, 125 S. Ct. 738 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tamayo did not object in the district court to the calculation of her base offense level on the basis urged on appeal, and, therefore, review is for plain error only. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed No. 04-9517 (U.S. Mar. 31, 2005). Our review of the record does not reveal error plain or otherwise.

We review the district court's U.S.S.G. § 3C1.1 enhancement for clear error. See United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). The record indicates that Tamayo's two-year flight to Mexico to avoid prosecution following her arrest was "obstructive" conduct and not an ordinary case of avoidance of arrest; therefore, the enhancement was not clearly erroneous. See United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000); U.S.S.G. § 3C1.1, comment. (n.5(d)).

Finally, Tamayo's Booker claim, raised for the first time on appeal, does not survive plain error review because she cannot show that her substantial rights were affected. See Mares, 402 F.3d at 520-21. The district court's upward departure shows that it was not influenced by any factors argued in mitigation and that it chose the sentence it deemed appropriate under the circumstances. Furthermore, its decision to upwardly depart was discretionary. See United States v. Warters, 885 F.2d 1266, 1275 (5th Cir. 1989).

AFFIRMED.