United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40060
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

GUADALUPE GUERRA-MESTA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(5:04-CR-407-ALL)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Defendant-Appellant Guadalupe Guerra-Mesta appeals his 36-month sentence for knowingly transporting an alien within the United States by means of a motor vehicle, in violation of 8 U.S.C. § 1324. He argues that the district court erred in imposing an enhancement pursuant to U.S.S.G. § 3C1.1. for obstruction of justice and in denying him an adjustment pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility.

     A district court's finding that a defendant obstructed justice is reviewed for clear error. United States v. Gonzalez, 436 F.3d

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

560, 586 (5th Cir.), cert. denied, 126 S. Ct. 2363 (2006). In imposing the enhancement, the district court relied in part on the fact that Guerra-Mesta did not appear at his first sentencing hearing. Guerra-Mesta argues that he did not have notice of the sentencing hearing at which he failed to appear and that his conduct was therefore not willful. Assuming arguendo that this assertion is correct, the district court did not commit clear error in finding that Guerra-Mesta obstructed justice, as he also failed to contact his probation officer for six months, and his probation officer was unable to locate him during that period. See United States v. Infante, 404 F.3d 376, 393-94 (5th Cir. 2005); see also United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000) (identifying obstructive conduct as that which creates an inherently high risk that justice will be obstructed and is the result of more than a spur-of-the-moment decision).

Guerra-Mesta also argues that the district court erred in denying him a reduction for acceptance of responsibility. A district court's denial of a reduction for acceptance of responsibility is reviewed under a standard even more deferential than the clearly erroneous standard. United States v. Ragsdale, 426 F.3d 765, 781 (5th Cir. 2005), cert. denied, 126 S. Ct. 1405 (2006). Only in extraordinary cases do adjustments under both § 3C1.1 and § 3E1.1 apply. § 3E1.1 comment.(n.4). Guerra-Mesta points to no extraordinary circumstances in his case which support his argument that he should have received an acceptance of

2

responsibility adjustment despite the imposition of the § 3C1.1 enhancement. As the district court did not err in imposing either enhancement, we do not reach Guerra-Mesta's argument regarding the district court's imposition of an alternative non-guideline 36-month sentence. Accordingly, the judgment of the district court is AFFIRMED.