# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 15, 2013

Lyle W. Cayce
Clerk

No. 12-41446
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID VILLANUEVA, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1226-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Villanueva, Jr., pleaded guilty to a single count of receipt of firearms in interstate commerce with intent to commit a felony, in violation of 18 U.S.C. § 924(b). He appeals his 105-month sentence, asserting the district court procedurally erred in calculating the advisory Guidelines-sentencing range.

The court calculated Villanueva's base-offense level through Guideline § 2K2.1 (unlawful receipt of firearms). Finding the firearms were transferred

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with knowledge or intent that they would be used or possessed in connection with another felony offense, the court applied the cross-reference provision of Guideline § 2K2.1(c)(1)(A) and calculated the offense level using Guideline § 2A2.1(a)(1) (assault with intent to commit murder). Villanueva contends the court erred by using Guideline § 2A2.1, claiming the evidence failed to show he had any intent to kill.

As an initial matter, we reject the Government's assertions that Villanueva waived this issue by failing to adequately brief it on appeal and, in the alternative, that plain-error review applies. Villanueva both sufficiently raised this issue at sentencing and adequately briefed it on appeal.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Villanueva does not challenge the substantive reasonableness of the sentence; instead, he asserts only that the court made a procedural error in calculating the proper base-offense level.

By application of § 2K2.1(c)(1)(A)'s cross-reference provision, the court assessed a base-offense level of 33, which applies "if the object of the offense would have constituted first degree murder". *See* U.S.S.G. § 2A2.1(a)(1). The commentary to § 2A2.1 defines "first degree murder" as "conduct that . . . would constitute first degree murder under 18 U.S.C. § 1111". U.S.S.G. § 2A2.1, comment. (n.1). Section 1111(a) provides in relevant part: "Murder is the unlawful killing of a human being with malice aforethought". In addressing § 1111, our court has held: "[m]alice does not require a subjective intent to kill,

but may be established by evidence of conduct which is a reckless and wanton and a gross deviation from a reasonable standard of care". *United States v. Shaw,* 701 F.2d 367, 392 n.20 (5th Cir. 1983) (internal quotation marks and citation omitted); *see United States v. Lemus-Gonzalez,* 563 F.3d 88, 92 (5th Cir. 2009).

In short, Villanueva is incorrect in asserting Guideline § 2A2.1 requires showing an intent to kill. He does not assert on appeal that the facts presented in the Pre-Sentence Investigation Report, and adopted by the district court, fail to establish either "intent to do serious bodily injury" or "extreme recklessness and wanton disregard for human life". *Lemus-Gonzalez*, 563 F.3d at 92.

AFFIRMED.