ON SUPERVISORY WRITS TO THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON
PER CURIAM:
| ^Denied. Relator fails to show that he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relator’s remaining claims are unsupported. La.C.Cr.P. art. 930.2. We attach hereto and make a part hereof the district court’s written reasons denying relief.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
12Attachment
*359 [[Image here]]
*360 _k
He argües that his attorney should have obtained photographs or video of toe location orxeqirired the jwy to visit the scene.
During ike trial, the witness, Michael Gordon, w&o fcw’hofl the petitioner and the deceased, was shown photographs of the areas where ¡he confrontation tapk ptecei.Uiese photographs, were later introduced into evidence and shown to the'jury, Mr. Gordon was care&lly cross-examined as to what he Witnessed on April 26,2009. In addition, the petitioner himself testified, He acknowledged familiarity with this part of the Scottsville neighborhood
Because the jury had the benefit of multiple witnesses explaining the photographs and the unfolding scene, defense counsel was riot deficient to failing to producá ad&obal photographs. Furthermore, although the petitioner heard fee testimony of Michael Gordon at tria!, the petitioner testified that Mr. Gordon made a mistaken identification, not that te’was-tmahio to see him attacking toe victim. At the time, of trial, theiu Was no allegation that the canfemtation could not he seen from.’Mr. Gordon's vantage point.
This claim is made in the context of an allegation, of ineffective assistance of counsel. ■Under the well-known standard set out in Strickland v. Washington 466 U.S. 668, 104 S.Ct. 2052,80 LJZi,2d 674 (1984), and Stott y. Washington, 491 So.id 1337 (La.3 986), a conviction must be reversed if the pctitloner.provos (1) that counsel's performance fall below an objective standard of reasonableness under prevailing proAs stand norma, and (2) counsel's mad equate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect. State v. Legranet, 2002-1462 (La.12/3/03), 864 Sq.2d 89.
To be successful in arguing ineffective asestante of counsel, a post-conviction petitioner must prove deficient performance to the point that counsel is not functioning as counsel within the meaning of the Sixth Amendment. A petitioner must also prove actuad prejudice to the point that the remits of the trial cannot he trusted. It is, absolutely essential feat bofe .prongs of the Strickland teatraustbe established before relief will be granted by arcviewing court.
Furthermore, there is a strong presumption,that counsel's performance is within the wide range of effective representation. Significantly, effective counsel does not mean errorless counsel and fee reviewing court does not judgo counsel’s performance with the distorting benefits of hindsight, but rather determines whether counsel was reasonably likely to render effective assistance. State y. Salsr, 93-1042 (LaApp. 5 Cir. 4/26/94), 636 SoM 3069,1075.
In this case, fee c}aita wade regarding failure to investigate is speculative. It is not established that any different evidence could have been produced. It has not been established that feo trial produced an unreliable result This claim fails to meet the petitioner's heavy burden of proof.
On. fee claim feat appellate counsel was ineffective, the petitioner has likewise not met his burden of proof. Specifically, the petitioner alleges that his attorney Premise L, Whits was constitutionally deficient in representing him on appsaiby net raising fee confrontation claim he now asserts.
In reviewing claims of ineffective assistance of counsel on direct appeal, the Supremo Court of fee United States hiss eocptessly observed'toat appellate counsel 'teed not advance every argument, regardless of merit, urged by tjie defendant ¿Wife v. Lvaey 469 U.S, 387,394 (1985). The'Court gives great deference to professional appellate strategy and ¾⅞⅛⅞! counsel for "winnowing out weaker arguments on appeal and focusing on one central issue if possible, and at most a few key issues. Jones v. JSarnaj, 463 U.S. 745 (1983). This is brie even whore fee weaker arguments have merit Id. at 751-2.
When fee claim of ineffective assistance Of appellate counsel is based on Sitae to raise tile issue on appeal, fee prejudice prong of the Strickland test requires fee petitioner to establish that the appellate court would have granted relief; had fee issue been prised. United States v. Phillips, 210 F.3d 345,350 (5 Cir. 2000).
hr fete oase,_foe petitioner ⅛ unable fo point to an advene reling form fee trial court to support any meritorious appellate argument on te subject Significantly, fee Fifto Circuit Court of Appeal detailed the facte of fee crime at great length, finding the evidence was constitutionally sufficient to comdot,
On fete claim, fee petitioner faite to prove ejfeer prong of fe» Stricéfand test He fails to show feat oounsol’a choice to argue sufficiency as toe sote issue on appoaííwas deficient or below accepted standards,
For these reasons, the court finds no merit to petitioner's'dirim of ineffective assistance by trial nr appellate couusbL
*361 JU.

Claim Three: Denial of his rights to confront witnesses and receive a fair trial

la Ms final post-conviotian claim, the petitioner oontiaujs that he suffered a •violation of the confrontation danse of the United States Constitution. Article "VI of the Constitution provides feat "m all criminal prosecutions, the aeoused stall ergoy the right.,. to he confronted "with the •witnesses against him." It ⅛ fundamental that the Confrontation Clause is designed to ensure the reliability of the evidence against a erfmirtel defendant by subjecting it to rigorous testing-in the context of on adversary proceeding before the trier of fact." Maryland v. Craig, 497 U.S. 836, 845 (1990).
During the trial, Jefitoaon Perish Detective Kevin Deo&er testified that he “authored an arrest warrant for Michael 'WlUiarna due to him having been identified fcs hsving chased the victim across that field that we were just looking-st through the canal to Esther end Horence and shooting Mm multiple times.” (Tr, p. 607). At thb point, defense counsel raised an objection on hearsay grounds. The court agreed and stated that the testimony was not coming in and that nobody would testify to what he was told. (Tr. p. 609). The court specifically ordered fee jury to disregard the testimony as to whst the vrituess was told. (It. p. 610).
Defense counsel diligently objected to hearsay evidence m a thfisfy manner. The trial court sompnlonaly excluded potential hearsay evidence and issued, « requested, a curative instruction. Based on the trial court’s grant of relief after the brief refatence, fee petitioner cannot .establish prejudice or unfairness.
CONCLUSION
Under the authority of LSA-C.CcJ?. art. 930 A the petition»! in an-applicafioa for post-conviction relief shall have the burden of proving that lelief should be granted. The petitionerhas not met his heavy Muden on his claims.
The petitioner hsd á fair trial with reliable results. He has had judicial review of bis convictions and sentence. He has failed to prove the existence of constitutional errors grave enough to warrant post-conviction relief.
The court will deny relief on all claims.
Accordingly,
[[Image here]]
[[Image here]]