# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 30, 2017

No. 16-60749

Lyle W. Cayce
Clerk

SUSAN BIGGS, By and Through Conservator, Parent and Next Friend, Harold Biggs,

Plaintiff - Appellant

v.

EDWIN C. LEGRAND, III; PAUL A. CALLENS; JOHN DOES 1-10,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CV-452

Before REAVLEY, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff Susan Biggs appeals the district court's grant of summary judgment on the basis of qualified immunity in favor of Defendants Edwin C. Legrand, III and Paul A. Callens. Because we agree with the district court's determination as to qualified immunity, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60749

## I. Background[1]

Plaintiff Susan Biggs is an individual with severe mental disabilities. Beginning in 1995, Biggs was admitted over twenty times to various mental hospitals across the state of Mississippi. On or about June 6, 2012, Biggs was re-committed for the fourth time to North Mississippi State Hospital after attacking other patients and staff at a personal care home. Defendant Paul C. Callens is the director of this hospital. Later that month, doctors at the hospital made the decision to discharge Biggs to the Creation Elite Boarding Home, a different personal care home.

Once discharged from the hospital, Biggs's situation deteriorated. While at Creation Elite, Biggs claims she was sexually assaulted and did not receive her Social Security checks in full. Biggs was unable to cook or use public transportation, and her medication was given to and dispensed by a building maintenance worker. Although she was initially placed in a group home, Biggs was moved to an apartment and eventually evicted from the facility.

Biggs subsequently lived and panhandled on the streets of Jackson, Mississippi, until she was picked up and housed by an individual she did not know. Biggs left this individual's house after two months and was subsequently struck by a car and hospitalized. She was then moved between hospitals and personal care homes. Biggs eventually went missing and was discovered by her family in the Hinds County Detention Center.

Biggs sued through Harold Biggs, her father and state-appointed conservator. Her complaint includes claims against Defendant Edwin C. Legrand III, the former Director of the Mississippi Department of Mental

---

[1] The following facts are taken from Biggs's complaint and a reply ordered by the district court under Federal Rule of Civil Procedure 7(a)(7). The district court relied on these two pleadings in granting Defendant's motion for summary judgment.

No. 16-60749

Health, Callens, and unidentified staff at the North Mississippi State Hospital who were responsible for the decision to discharge Biggs. Biggs alleges that Defendants' actions amounted to a violation of her constitutional "liberty interests in safety, well-being, liberty, and freedom of movement, as well as her constitutionally guaranteed rights to appropriate treatment and minimal habitation as one who has been committed to the State." Biggs brought these claims under 42 U.S.C. § 1983 and also invoked the district court's "pendant [sic] jurisdiction . . . to hear and decide all claims arising under the Constitution and laws of the State of Mississippi."

The district court initially granted a motion to dismiss the claims under state law and against the Defendants in their official capacity based on various theories of immunity. Legrand and Callens then filed a motion for summary judgment for the claims against them in their individual capacity based on qualified immunity. The district court granted summary judgment in favor of Legrand and Callens and entered final judgment dismissing all claims with prejudice. Biggs timely appealed.[2]

## II. Standard of Review

Although Biggs's notice of appeal challenges the district court's final judgment, she briefs only the district court's grant of summary judgment on the ground of qualified immunity, and we thus do not consider any other issues. *See Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 594 (5th Cir. 2006) (not considering an argument because the party "effectively waived [the argument] by failing to raise it in its opening brief"). We review the district court's grant

---

[2] The record does not reveal any resolution of Biggs's claims against the unidentified staff by the district court. Nonetheless, Biggs's appeal from the final judgment is properly before this court. *See Fed. Sav. & Loan Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1476 (5th Cir. 1990) (holding that a judgment does not lack finality merely because claims against unserved defendants that have not appeared remain undisposed).

No. 16-60749

of summary judgment de novo, applying the same standard as the district court. *McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir. 2002) (en banc) (per curiam). Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). When a defendant invokes qualified immunity, the plaintiff bears the burden to demonstrate the inapplicability of the defense. *Cantrell v. City of Murphy*, 666 F.3d 911, 918 (5th Cir. 2012).

### III. Discussion

Biggs's claims against Defendants fall roughly into one of two categories. First, Biggs claims that Defendants' decision to discharge her from the hospital violated her constitutional rights to minimally adequate care and treatment as discussed in *Youngberg v. Romero*, 457 U.S. 307 (1982). Second, Biggs argues that she had a "special relationship" with Defendants such that they may also be liable for any violations of her constitutional rights by private actors following her discharge from the hospital under *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989).

"[Q]ualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc). A plaintiff seeking to overcome qualified immunity must show that (1) the official violated a statutory or constitutional right, and (2) the right was 'clearly established' at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity therefore protects "all but the plainly incompetent or those who knowingly violate the law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

4

No. 16-60749

We turn directly to the issue of whether the law was clearly established if that resolves the case.[3] "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna,* 136 S. Ct. 305, 308 (2015) (quoting *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012)). While a case directly on point is not required, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (citing *al-Kidd*, 563 U.S. at 741). "[C]learly established law should not be defined at a high level of generality" and must be "particularized to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (quoting *al-Kidd*, 563 U.S. at 742 and *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Citing *Youngberg* and *DeShaney*, Biggs repeatedly asserts that she has a right to minimally adequate care and treatment. A § 1983 suit is not a medical malpractice claim nor is it a vehicle to vindicate state statutory rights or impose general morality upon state actors. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005).

However, even if we assume arguendo that Biggs has alleged a constitutional violation, her brief is devoid of authority that would clearly

---

[3] Because we have discretion to decide which qualified immunity prong to consider first, *Whitley*, 726 F.3d at 638, Biggs's argument as to the proper standard of care or whether she maintained a "special relationship" with Defendants such that Defendants violated her constitutional rights has no effect on our determination on clearly established law. Biggs relies on *A.M. ex rel Youngers v. New Mexico Department of Health*, 65 F. Supp. 3d 1206 (D. N. M. 2014) to support her clearly established argument. *A.M.* is an out-of-circuit district court opinion that postdates the events here, and we need not address it. *See al-Kidd*, 563 U.S. at 735 (explaining that the right must be clearly established "at the time of the challenged conduct"); *United States v. Phillips*, 210 F.3d 345, 351 n.4 (5th Cir. 2000) ("We, of course, are not bound by [other] Circuit case law."). We also need not address the correct standard for determining a constitutional violation under *Youngberg* in light of *DeShaney*. *See M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 843 n.4 (5th Cir. 2012) (acknowledging the open question of whether substantive due process claims to be free from harm while in state custody requires the State to act with "deliberate indifference that shocks the conscious" or the professional judgment standard discussed in *Youngberg*).

establish any constitutional rights putting Defendants on notice that they violated Biggs's constitutional rights by discharging her from the hospital to a personal care home in light of her repeated struggles with mental disabilities. Put another way, she has not shown a clearly established constitutional right to continued confinement in a state mental health facility. *Youngberg* and *DeShaney* cannot clearly establish Biggs's rights because these decisions pronounced rights at "a high level of generality." *White*, 137 S. Ct. at 552. Biggs cites no other cases that clearly establish the law, and we are unaware of any authoritative decision that clearly establishes the rights that Biggs seeks to validate. *See Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel Keys*, 675 F.3d 849, 859 (5th Cir. 2012) (en banc) ("[n]either the Supreme Court nor this court has ever suggested that anything less than such a total restriction is sufficient to create a special relationship with the state, regardless of the age or competence of the individual."). Therefore, Biggs cannot satisfy her burden to demonstrate that reasonable officers in Defendants' position would have been on notice that their actions violated her constitutional rights. *See Cantrell*, 666 F.3d at 921. We thus conclude that the district court properly granted summary judgment in favor of Defendants.[4]

AFFIRMED.

---

[4] Whether a right was clearly established for purposes of qualified immunity is a question of law. *Good v. Curtis*, 601 F.3d 393, 400–01 (5th Cir. 2010). Biggs' argument on appeal that she is entitled to limited discovery on the issue of qualified immunity is therefore irrelevant. *See Backe v. LeBlanc*, 691 F.3d 645, 648–49 (5th Cir. 2012) (explaining that a district court does not err when it first determines whether a plaintiff's complaint is sufficient to overcome qualified immunity before determining whether limited discovery is appropriate).