# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-11544
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JB FOSTER MCAFEE,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:15-CR-20-1

————

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

JB Foster McAfee pleaded guilty to possession with intent to distribute five grams or more of methamphetamine, and he received a within-guidelines sentence of 175 months in prison. On appeal, he challenges the imposition of an enhancement for obstruction of justice under U.S.S.G. § 3C1.1. We review the district court's factual finding of obstruction of justice for clear error. *United States v. Cisneros*, 112 F.3d 1272, 1279 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11544

The enhancement was based on the fact that after McAfee was released on bond after his arrest on drug charges in Texas, he fled and was ultimately discovered years later in Massachusetts under an assumed name, using fraudulent identification documents. McAfee argues that the enhancement did not apply because he was not "in custody" at the time of his flight and that his actions constituted mere "fleeing from arrest" that does not warrant an enhancement under the commentary to the Guideline. *See* § 3C1.1, comment. (n.5(D)). As there is no dispute that McAfee's flight did not occur during the attempt to arrest him and occurred much later, his focus on whether he was "in custody" at the time of his flight is not on point. *Cf. United States v. Wright*, 496 F.3d 371, 373, 375 (5th Cir. 2007) (holding that a defendant's flight out of a back door when officers arrived to arrest him did not warrant an enhancement because he was never taken into custody); *United States v. Huerta*, 182 F.3d 361, 363, 365-66 (5th Cir. 1999) (concluding that the defendant's brief escape from officers warranted an enhancement because he had been handcuffed and transported to a police station).

McAfee also notes that at the time he left Texas, federal charges had not yet been filed. In addition, he contends that his use of an alias was not obstructive because the presentence report indicated that he had obtained the fraudulent documents solely to obtain employment. McAfee's flight and subsequent use of false identification documents was obstructive and not an ordinary case of an individual attempting to avoid arrest, and the enhancement was not clearly erroneous. *See* § 3C1.1, comment. (n.5(D)); *see also United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (stating that factors for a court to consider in determining whether a defendant's conduct rose to the level of obstruction are whether there was a high risk that obstruction of justice occurred and whether the conduct required extensive

planning as opposed to a spontaneous decision).  Because the district court's determination is "plausible in light of the record read as a whole," the imposition of the enhancement does not constitute clear error.  *United States v. Claiborne*, 676 F.3d 434, 437 (5th Cir. 2012) (internal quotation marks and citation omitted).

In addition, McAfee argues that the district court should have awarded a reduction under § 3E1.1 for acceptance of responsibility.  Such a reduction is normally precluded if a defendant receives an enhancement for obstruction of justice.  § 3E1.1, comment. (n.4).  McAfee concedes this fact, but he maintains that he was entitled to the reduction because he did not challenge the federal proceedings after his arrest in Massachusetts and because he promptly pleaded guilty.  Given that he fled the state in order to avoid at least a state prosecution arising out of the same operative facts as the federal charges, McAfee has not shown that his is an "extraordinary case" warranting both the enhancement and a reduction.  § 3E1.1, comment. (n.4); *see United States Lujan-Sauceda*, 187 F.3d 451, 451-52 (5th Cir. 1999) (upholding denial of acceptance of responsibility after defendant voluntary surrendered after her flight prior to sentencing).  McAfee has not established that the district court's denial was "without foundation."  *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008).  Accordingly, the judgment of the district court is **AFFIRMED**.