# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2021

Lyle W. Cayce
Clerk

No. 19-30433
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MELVIN JACKSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-1975

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Melvin Jackson was convicted of felony firearm possession after he was involved in an alleged shooting.[1] To determine his base offense level, the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] Jackson was also convicted of a drug trafficking conspiracy and possession with the intent to distribute heroin, but those convictions are not relevant to this appeal.

No. 19-30433

district court applied U.S.S.G. § 2A2.1(a)(1) and sentenced him to 120 months. *See* U.S.S.G. § 2K2.1(c)(1). After an unsuccessful direct appeal, Jackson filed this pro se petition under 28 U.S.C. § 2255, asserting that his counsel rendered ineffective assistance when he did not object to the application of § 2A2.1(a)(1). *See United States v. Jackson*, 662 F. App'x 310, 319 (5th Cir. 2016) (affirming conviction but vacating and remanding sentence); 700 F. App'x 392 (5th Cir. 2017) (affirming sentence). The district court denied Jackson's petition, and we granted a certificate of appealability on the ineffective assistance claim.

In evaluating a district court's denial of a § 2255 motion, we review its factual findings for clear error and its conclusions of law de novo. *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994). We review ineffective assistance claims de novo. *Id.*

To prevail on his ineffective assistance claim, Jackson must establish that (1) counsel's performance was deficient in that it "fell below an objective standard of reasonableness," and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Our review of counsel's performance is "highly deferential," and we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Jackson argues his counsel's failure to object was deficient because binding caselaw required a showing of specific intent to kill for the § 2A2.1(a)(1) sentencing enhancement to apply.

To provide constitutionally adequate performance, counsel must "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir.

2000)). Counsel must also discover and bring to the court's attention "[s]olid, meritorious arguments based on directly controlling precedent." *Id.*

As a preliminary point, the record belies counsel's alleged deficiency because counsel timely objected at sentencing to the application of § 2A2.1(a)(1) on mens rea grounds; counsel thus brought this argument to the court's attention. Moreover, Jackson's argument that counsel should have objected based on insufficient evidence of specific intent to kill is unavailing because that objection would not have been meritorious. Jackson relies on the Supreme Court's decision in *Braxton v. United States*, 500 U.S. 344 (1991), but that decision is not directly controlling. *Braxton* addressed the mens rea showing for attempted killing under 18 U.S.C. § 1114. *Id.* at 350–51. However, § 2A2.1(a)(1) incorporates the mens rea showing for murder under 18 U.S.C. § 1111. *See* U.S.S.G. § 2A2.1 cmt. 1. Plus, at the time of Jackson's sentencing, our decision in *United States v. Villanueva* directly contradicted the objection that Jackson argues his counsel should have made. 541 F. App'x 486, 487 (5th Cir. 2013). Although *Villaneuva* was an unpublished opinion, its reasoning was based on the text of § 1111 and binding, precedential caselaw interpreting that text. *Id.* (citing *United States v. Shaw*, 701 F.2d 367, 392 n.20 (5th Cir. 1983); *United States v. Lemus-Gonzalez*, 563 F.3d 88, 92 (5th Cir. 2009)).

Jackson has thus failed to show that his counsel's performance was deficient, and we do not address whether Jackson has shown that counsel's performance prejudiced him. *See Strickland*, 466 U.S. at 689.

We AFFIRM the district court's denial of Jackson's § 2255 petition.